# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICKY HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0402-CVE-FHM |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner, a state prisoner appearing pro se,[1] brings this 28 U.S.C. § 2254 habeas corpus action to challenge the judgment and sentence entered against him in the District Court of Craig County, Oklahoma, Case No. CF-2006-37. Before the Court is respondent's motion to dismiss the petition as time barred under 28 U.S.C. § 2244(d)'s one-year statute of limitation (Dkt. # 9). For the reasons discussed below, the Court finds that respondent's motion to dismiss shall be granted and that the petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

In June 2007, a jury convicted petitioner of making lewd or indecent proposals to a child under 16, in violation of OKLA. STAT. tit. 21, § 1123(A)(1) (Version Two) (2003 Supp.) (Count I); and unlawfully using a computer to violate OKLA. STAT. tit. 21, § 1123(A)(1), in violation of OKLA. STAT. tit. 21, § 1958 (Count II). Dkt. # 10-1 at 1.[2] The state district court sentenced petitioner, on August 20, 2007, to serve 45 years in prison on Count I and 10 years in prison on Count II. Id.

---

[1]  Because petitioner appears pro se, the Court must liberally construe his pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]  For consistency, the Court's record citations refer to the CM/ECF header page numbers in the upper right-hand corner of each document.

Petitioner filed a direct appeal, raising seven propositions of error. Id. at 1-2. By unpublished summary opinion filed October 10, 2008, in Case No. F-2007-856, the Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's conviction on Count I. Id. at 2. However, the OCCA agreed with petitioner's argument that his conviction on Count II violated Oklahoma's statutory provision against multiple punishment. Id. at 2-3. As a result, the OCCA vacated his Count II conviction and sentence and ordered Count II dismissed. Id. at 3. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1 at 3.

On February 7, 2011, petitioner filed a motion for transcripts and records at public expense in state district court. Dkt. # 10-2 at 18. The state district court denied petitioner's motion on February 14, 2011, finding the materials had been previously provided. Id. Petitioner then filed a petition for writ of mandamus, asking the OCCA to order the district court to grant him copies of or access to his trial and preliminary hearing transcripts. Dkt. # 10-3. The OCCA declined jurisdiction on March 9, 2011. Dkt. # 10-4. Petitioner filed a notice of intent to appeal on April 27, 2011, but the record does not show that he took any further action to perfect an appeal. Dkt. # 10-2 at 18.

Petitioner filed an application for post-conviction relief in state district court on October 24, 2016, asserting 12 claims for relief. Dkt. # 10-5. The state district court denied his application on May 8, 2017. Dkt. # 10-6. By unpublished order filed June 9, 2017, in Case No. PC-2017-140, the OCCA affirmed the denial of post-conviction relief. Dkt. # 10-7. Six days later, petitioner filed a petition for writ of habeas corpus in the District Court of Cleveland County, Case No. WH-2017-8. Dkt. # 10-8. The state district court denied the petition, finding petitioner filed the challenge to his

2

Craig County conviction in the wrong court and failed to develop any coherent arguments. Dkt. # 10-9.

Petitioner filed the instant federal habeas petition on July 10, 2017. Dkt. # 1. In response to the petition, respondent filed a motion to dismiss (Dkt. # 9) and supporting brief (Dkt. # 10). Respondent contends that the habeas petition is time barred under § 2244(d)(1)(A)'s one-year statute of limitation. Dkt. # 10 at 1-3. Respondent further contends petitioner has not demonstrated any circumstances that would warrant statutory or equitable tolling of the one-year period. Id. at 3-9.

In his petition (Dkt. # 1) and his response to the motion to dismiss (Dkt. # 11), Petitioner acknowledges that his petition is untimely. He argues, however, that he is entitled to a later start date for the one-year period under § 2244(d)(1) and that various circumstances support equitable tolling of the one-year period. Dkt. # 1 at 5, 13-14; Dkt. # 11 at 1-2.

## *ANALYSIS*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a one-year limitation period in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).[3] Generally, the limitation period begins to run from the date on which a prisoner's conviction

---

3   Under § 2244(d)(1), the one-year period begins on the "latest of" the following four dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

becomes final. Id. § 2244(d)(1)(A). It may also commence at a later date under the terms of § 2244(d)(1)(B), (C), and (D). Regardless of which date the one-year limitation period commences, the period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). Because the AEDPA's one-year limitation period is not jurisdictional, the untimeliness of a habeas petition also may be excused for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

**A.   The petition is untimely under § 2244(d)(1)(A).**

Respondent contends, and the Court finds, that the petition is untimely under § 2244(d)(1)(A). The OCCA affirmed petitioner's conviction as to Count I on October 10, 2008. Dkt. # 10-1. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1 at 3. Petitioner's conviction therefore became final on January 8, 2009, when the 90-day period for filing a petition for writ of certiorari expired. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (noting state conviction becomes final when "availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elasped or a timely filed petition has been finally denied"). Under § 2244(d)(1)(A), Petitioner's one-year limitation period commenced on January 9, 2009, and expired on January 11, 2010. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying FED. R. CIV. P. 6(a) to calculate AEDPA one-year limitation period).[4] Petitioner did not file his federal habeas petition until July 10,

---

[4]   Because January 9, 2010, fell on a Saturday, Petitioner had until Monday, January 11, 2010 to file his federal habeas petition. See FED. R. CIV. P. 6(a)(1)(C).

4

2017, over seven years after his limitation period expired. And, as respondent contends, petitioner is not entitled to statutory tolling of this one-year period because he did not file his first application for post-conviction relief in state court until October 24, 2016. See 28 U.S.C. § 2244(d)(2); Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, unless petitioner can demonstrate that he is eligible for a later commencement date or that his circumstances warrant equitable tolling, his petition is time barred.

**B.     Petitioner has not demonstrated that an alternative commencement date applies.**

Petitioner appears to suggest that his one-year limitation period began at some later date under either § 2244(d)(1)(B), (d)(1)(C), or (d)(1)(D). See Dkt. # 1 at 14; Dkt. # 11 at 1-2. The Court disagrees.

**1.     Section 2244(d)(1)(B)**

First, petitioner contends that state-created impediments prevented him from filing a timely federal habeas petition. Dkt. # 1 at 5, 13-14; Dkt. # 11 at 1. Under § 2244(d)(1)(B), AEDPA's one-year period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Petitioner claims he was "denied all access" to file his federal habeas petition from January 2008 through October 2010 because he was held in a "maximum security private prison" and "prisoners [were] locked down 24 hr[s]. a day continually." Dkt. # 1 at 13; Dkt. # 11 at 1. Petitioner also claims that the State "impeded [his] access to courts" from October 2010 through July 2017 by failing to provide legal assistance or an adequate law library. Dkt. # 1 at 13. He specifically

5

contends (1) that the law library is not accessible to medicated prisoners or those with physical and mental disabilities, (2) that state courts have "removed all law books and research materials needed by prisoners to timely exhaust state remedies and file 2254 habeas petitions", and (3) that state prisons have "[done] away with all trained legal assistants" and have limited the amount of assistance that can be provided to prisoners by law library supervisors. Id. at 13-14.

Unquestionably, prisoners have a constitutional "right of *access to the courts*." Lewis v. Casey, 518 U.S. 343, 350 (1996) (emphasis in original). But they do not have "an abstract, freestanding right to a law library or legal assistance." Id. at 351. A prisoner alleging a constitutional deprivation based on the denial of access to legal resources must therefore "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. Likewise, a prisoner seeking application of § 2244(d)(1)(B) on grounds that he was denied access to adequate legal resources must provide specific details demonstrating that the alleged denial of access "prevented" him from timely filing a federal habeas petition. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (finding that petitioner "provided no specificity regarding the alleged lack of access [to federal statutes, state case law and AEDPA materials] and the steps he took to diligently pursue his federal claims" and concluding that "[i]t is not enough to say that the [prison] lacked all relevant statues and case law or that the procedure to request specific materials was inadequate"); see also Garcia v. Hatch, 343 F. App'x 316, 318-19 (10th Cir. 2009) (unpublished)[5] (reiterating that petitioner invoking § 2244(d)(1)(B) must provide

---

[5] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

specific facts demonstrating how allegedly inadequate legal resources rendered him "incapable of filing a timely habeas petition").

For several reasons, petitioner fails to demonstrate that the State prevented him from filing a timely federal habeas petition. First, even if petitioner was on lock down from January 2008 through October 2010, he neither alleges any specific facts showing that he attempted to file pleadings in either state or federal courts during this time period nor describes any "steps he took to diligently pursue his federal claims" during this time period. Miller, 141 F.3d at 978. Moreover, respondent has provided affidavits from two law library supervisors—one supervisor from each institution where petitioner was held during this time period—and law library policies that were then in effect. See Dkt. # 10; Dkt. # 10-10 (Saldana Affidavit); Dkt. # 10-11 (Blackman Affidavit). The affidavits and policies demonstrate that prisoners may request legal materials from the library even during lock downs. Dkt. # 10-10 at 1, 4; Dkt. # 10-11 at 1. In addition, library sign-in log sheets show that petitioner visited the law library at the Joseph Harp Correctional Center for 11 minutes on December 2, 2009. Dkt. # 10-11 at 1-2. Second, to the extent petitioner alleges the State failed to provide legal assistance or an adequate, accessible law library, he fails to provide specific facts demonstrating how those allegedly inadequate legal resources rendered him "incapable of filing a timely habeas petition." Garcia, 343 F. App'x at 318-19. Third, and finally, to the extent petitioner asserts that he was denied access to either courts or legal resources from October 2010 through July 2017, the record belies that assertion. As respondent points out, petitioner filed a motion for transcripts in state district court in February 2011 (Dkt. # 10-2 at 18) and filed a petition for writ of mandamus (Dkt. # 10-3) after that motion was denied. Over five years later, in October 2016, petitioner filed an application for post-conviction relief in state district court (Dkt. # 10-5) and, after
7

relief was denied, petitioner pursued a post-conviction appeal (Dkt. ## 10-7). While these two state court proceedings occurred five years apart, both proceedings occurred during the time that petitioner alleges he was "denied <u>all</u> access to any means to file this [habeas] action." Dkt. # 1 at 13. For these reasons, even assuming petitioner had limited access to legal resources, he has not shown that his limited access wholly prevented him from timely filing a federal habeas petition. Thus, the Court finds that § 2244(d)(1)(B) does not apply.

### 2. Section 2244(d)(1)(C)

Next, petitioner suggests at least some of his habeas claims rest on a new rule of law. Dkt. # 11 at 1-2. Under § 2244(d)(1)(C), AEDPA's one-year limitation period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if [1] the right has been newly recognized by the Supreme Court and [2] made retroactively applicable to cases on collateral review."

Though petitioner's constitutional claims are difficult to discern, none appears to rest on a constitutional right newly recognized and made retroactive by the Supreme Court. First, petitioner suggests he has an ineffective-assistance-of-counsel claim that "relies on [a] new rule of law" announced in <u>Lafler v. Cooper</u>, 566 U.S. 156 (2012). Dkt. # 11 at 1. Even assuming (1) the habeas petition could be construed as asserting an exhausted ineffective-assistance-of-counsel claim that relies on <u>Lafler</u>, and (2) that <u>Lafler</u> announced a new, retroactively applicable rule of constitutional law, this claim would still be time barred under § 2244(d)(1)(C). Significantly, the Supreme Court issued its decision in <u>Lafler</u> on March 21, 2012. 566 U.S. at 156. Applying § 2244(d)(1)(C), petitioner's one-year period would have expired on March 21, 2013, absent statutory or equitable tolling. Because petitioner did not attempt to exhaust his <u>Lafler</u> claim until he filed his first

8

application for post-conviction relief in state court on October 24, 2016, he would not be eligible for statutory tolling of this one-year period. See Clark, 468 F.3d at 714. And, as discussed below, petitioner has not demonstrated that equitable tolling is warranted in this case. Second, petitioner suggests that his one-year period did not commence until the Tenth Circuit Court of Appeals issued its decision in Murphy v. Royal, 866 F.3d 1164 (10th Cir. 2017). Even assuming the Murphy decision is relevant to any constitutional claims asserted in the petition, Murphy is not a Supreme Court decision. For that reason, Murphy could not support application of § 2244(d)(1)(C). Consequently, petitioner has not shown that his one-year period commenced at a later date under § 2244(d)(1)(C).

### 3. Section 2244(d)(1)(D)

Finally, petitioner asserts that he has "new evidence" to support one of his claims. Dkt. # 11 at 2. Specifically, petitioner asserts he has "new evidence from the Roma Detective Agency showing [the] jury summoning process, deprived petitioner of a fair trial" and that he discovered this evidence "in [the] last (12) months." Id. Under § 2244(d)(1)(D), the one-year statute of limitation commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

On the record presented, the Court finds § 2244(d)(1)(D) inapplicable. Petitioner does mention, in the supporting facts for his Ground Two claim, that the "jury summoning process deprived [him] of a fair trial." Dkt. # 1 at 7. And the record shows that he raised this claim in his application for post-conviction relief. Dkt. # 10-5 at 1, 3-4; Dkt. # 10-6 at 2. But petitioner fails to provide any specific facts in his habeas petition to develop this claim. Likewise, while he asserts that he has "new evidence" to support this undeveloped claim, he fails to describe the nature of that

evidence or to explain how he exercised due diligence to discover it. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (explaining that § 2244(d)(1)(D)'s limitation period begins to run when habeas petitioner could have, with reasonable diligence, discovered underlying facts that support his habeas claim). In this case, the Court cannot discern a factual basis for the jury-summoning claim, much less conclude that petitioner was reasonably diligent in discovering the purported "new evidence" to support that claim. Thus, § 2244(d)(1)(D) does not apply.

In sum, petitioner has not demonstrated that his one-year limitation period commenced later than the date his conviction became final. Thus, absent equitable tolling, his petition is time barred under § 2244(d)(1)(A).

**C.    Petitioner has not shown that he is entitled to equitable tolling.**

The Court also agrees with respondent that petitioner has not demonstrated any circumstances that would support equitable tolling of the one-year limitation period. To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, petitioner primarily relies on the same circumstances to support equitable tolling as he did to support application of 2244(d)(1)(B)—namely, that he was "continually" subject to lock downs and that he was denied access to the courts and adequate legal resources during his one-year

limitation period. For the same reasons that the Court found § 2244(d)(1)(B) inapplicable, see supra pp. 5-7, the Court finds these circumstances do not support equitable tolling.

Petitioner also alleges that he is mentally incompetent and that prison officials denied him medication "for years." Dkt. # 1 at 5. A petitioner's mental incapacity may, in some cases, warrant equitable tolling. See Reupert v. Workman, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (concluding that "equitable tolling may be appropriate where there is adequate proof of incompetence"); Beister v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996) (noting that some courts have recognized mental incapacity as potential basis for equitably tolling Title VII limitations period). But a showing of "exceptional circumstances" is generally required even when a petitioner alleges that his mental condition may have prevented him from timely pursuing his claim. See Beister, 77 F.3d at 1268 (noting that exceptional circumstances may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual's mental incapacity rendered him "[in]capable of pursuing his own claim"). Here, petitioner broadly alleges that he is mentally incompetent and asserts that he was denied medication. Dkt. # 1 at 5. But he does not allege he has been adjudicated incompetent nor does he provide specific facts regarding the alleged denial of medication. Rather, as "proof" of his incompetence, petitioner provides a list of medications he was provided in 2017, well after his one-year period expired, and contact information for two out-of-state doctors who have no apparent connection with petitioner's case. Dkt. # 1 at 27; Dkt. # 11 at 2.[6] The Court finds petitioner's "proof" insufficient

---

[6] Specifically, petitioner provides the name and address of one doctor from Idaho and one doctor from Arizona. Dkt. # 11 at 2. Yet, there is nothing in petitioner's pleadings, or any other part of the record, suggesting that either doctor treated petitioner before or during his incarceration.

to support equitable tolling on the basis that petitioner's alleged mental incompetence rendered him incapable of pursuing his federal claims.

**D.      Petitioner does not present a tenable claim of actual innocence.**

Finally, petitioner asserts that he is actually, factually, and legally innocent. Dkt. # 1 at 7, 10, 14. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of AEDPA's statute of limitations and permit a federal habeas court to review the merits of an untimely habeas claim. Perkins, 569 U.S. at 386. But "tenable actual-innocence gateway pleas are rare." Id. "To be credible [a claim of actual innocence requires] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

As discussed, petitioner asserts that he has "new evidence" to support his claim that the jury summoning process deprived him of a fair trial. Petitioner has not described that evidence with any specificity. However, even assuming such evidence exists and that it supports petitioner's claim that his jury was not properly constituted, that would establish only that he was denied a fair trial. It would not, however, support a claim of actual innocence—i.e., the proffered "evidence" would not "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006). As a result, petitioner does not present a tenable claim of actual innocence supporting application of the equitable exception recognized in Perkins.

*CONCLUSION*

Petitioner's habeas petition is untimely under § 2244(d)(1)(A), and petitioner has not demonstrated that he is entitled to a later commencement date for the one-year limitation period under either § 2244(d)(1)(B), (d)(1)(C) or (d)(1)(D). In addition, petitioner has not shown any circumstances that would entitle him to equitable tolling of, or an equitable exception to, AEDPA's one-year limitation period. For these reasons, the Court finds that respondent's motion to dismiss shall be granted and that the petition for writ of habeas corpus shall be dismissed with prejudice as time barred.[7]

---

[7] Even assuming petitioner could make the showings necessary to avoid the time bar, the Court would find petitioner is not entitled to habeas relief. Generously construing the petition, it is difficult to discern any cognizable habeas claims from the four alleged grounds for relief asserted therein. In his supporting facts for Ground One, petitioner asserts he is mentally incompetent, he was denied medication, he was denied access to legal assistance and the courts, and his facility's law library is not accessible to physically or mentally disabled prisoners. Dkt. # 1 at 5. These are arguments in support of equitable tolling, but they do not state a cognizable habeas claim. In Ground Two, petitioner asserts he is innocent, alleges an unexhausted claim relating to the validity of a search warrant, and lists some of the constitutional claims he raised in his 2016 application for post-conviction relief. Id. at 7. He does not, however, provide any supporting facts or otherwise develop his exhausted claims. Id. Even a pro se habeas petitioner must "state the facts supporting each ground" for relief. Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; see also Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (noting that "'naked allegations' are not cognizable under § 2254"). Moreover, the Supreme Court has not recognized a freestanding claim of actual innocence. Perkins, 569 U.S. at 392. In Ground Three, petitioner alleges "undisputed jurisdictional issues" but does not provide supporting facts. Instead, he merely directs this Court to "see attached records, for supreme court orders on this ground." Id. at 8. His bare allegation that his conviction is "void" on jurisdictional grounds does not state a cognizable habeas claim. See Ruark, 958 F.2d at 319. Finally, in Ground Four, petitioner generally alleges that Oklahoma's post-conviction procedures are inadequate and that Oklahoma courts fail to comply with opinions from the United States Supreme Court. Id. at 10. Because "no constitutional provision requires a state to grant post-conviction review," petitioner's first allegation fails to state a cognizable habeas claim. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998). And, because petitioner fails to identify any specific Supreme Court ruling that the Oklahoma courts failed

(continued...)

13

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, requires a district court to that "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the petition is time barred and that petitioner has not demonstrated any circumstances that would excuse the untimeliness of his petition. In addition, the Court finds that reasonable jurists would not debate the Court's alternate conclusion that the habeas petition fails to state a valid constitutional claim. See supra n.7. The Court therefore denies a certificate of appealability.

---

7    (...continued)
to apply in his case, his second allegation also fails to state a cognizable habeas claim. See 28 U.S.C. § 2254(a) (requiring state prisoner to show "that he is in custody in violation of the Constitution or the laws or treaties of the United States"). For these reasons, even if petitioner could overcome the untimeliness of his petition, the Court would conclude that petitioner is not entitled to federal habeas relief.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss the petition as time barred (Dkt. # 9) is **granted**.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered herewith.

   **DATED** this 31st day of July, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE